# CASES DETERMINED

## *August Term, 1888.*

---

BARNES, Respondent, vs. STACY and another, Appellants.

*November 8 — December 4, 1888.*

*Liens: Pleading: Separate contracts: Mingling causes of action: Indefiniteness.*

In an action to enforce a lien for machinery and materials furnished and labor performed, a complaint to which is annexed a copy of an agreement under which certain specified articles were to be furnished for a certain price, and a bill of particulars of all charges, including, as one item, the articles furnished under the specific contract, is *held* to be sufficiently definite and certain, although it does not state separately a cause of action for the articles furnished under the written agreement, and one for the other articles furnished and labor performed.

APPEAL from the Circuit Court for *Shawano* County. Action to enforce a lien for machinery and materials furnished and labor performed. The complaint, after alleging the partnership of the defendants in the business of manufacturing lumber, and that the plaintiff was the proprietor of a general machine shop and foundry, alleges that in the spring of 1887 the defendants' saw-mill was destroyed by fire; that on or about June 15, 1887, the plaintiff entered into an agreement with the defendants to sell and deliver to them such machinery as they might want in the rebuilding of their said saw-mill, and to repair and re-

fit for use such of the old machinery as they might want refitted and repaired; that as to a portion of said machinery (to wit, one set of Gowen head blocks, three in number; Gowen set works; 24 feet of carriage, with 6 trucks and shafts with boxes for the same; 30 feet of rack stick, with heavy segments for same; one pinion, and 120 feet of track, and one wood saw husk) the price therefor was to be $450; that the balance of the machinery or materials used in repairing the same was to be furnished and the work thereon performed by the plaintiff for what they were reasonably worth; and that a memorandum of agreement with reference to the machinery to be furnished for said sum of $450 was made and signed by the parties, and a copy thereof is attached to the complaint, marked "Exhibit A."

The complaint further alleges that, pursuant to said agreement and at the special instance and request of the defendants thereafter, the plaintiff sold and delivered to the defendants certain machinery, including that described in Exhibit A., and used materials and performed labor in repairing machinery for them, which machinery was used in rebuilding and now forms a part of said saw-mill; that the value of the machinery thus sold and the materials used and labor performed (including that for which a price had been agreed upon as before stated) was $928.77; and that a full and complete statement of the same is attached to Exhibit B. (plaintiff's petition for a lien), which is annexed to and made a part of the complaint; that of said sum of $928.77 a balance of $760.57 is still due and payable to the plaintiff. The complaint contains further allegations showing that the plaintiff has taken the requisite steps to entitle him to the lien sought to be enforced.

Exhibit A., annexed to the complaint, was as follows: "JUNE 21, 1887. *W. H. Stacy & Co.* — GENTLEMEN: I will furnish you the following: One set of Gowen head blocks,

Barnes vs. Stacy and another.

three in number, also Gowen set-works; the above are second-hand, but thoroughly repaired; also 24-feet carriage, with six sets of trucks, and shafts to be 2-inch iron, wheels 14 inches, with boxes for same; also 30 feet of rack stick, with heavy segments for the same; one pinion for same; 60 feet of V inch 1 and ½ track and 60 feet flat track; also one wood saw husk, W. H. Stacy & Co. to furnish all the irons which can be used from old husk to be placed on new husk.  The above work to be done in good, workmanlike manner, and on or before 30 days from the above date; consideration, $450,— $200 to be paid upon delivery, and balance in 60 days from delivery.  W. H. Stacy & Co. agree to deliver job at Birnamwood.  Scrap iron for $10 a ton.  J. A. BARNES.  W. H. STACY & Co.  *Birnamwood, Wis.*"

The bill of particulars annexed to Exhibit B. contained one item as follows: " To head block, carriage truck, trucks, husk, etc. (contract), $450."

The defendants moved that the complaint be made more definite and certain, on the  grounds (1) that it improperly commingles into one count or statement of cause of action two or more causes of action which should be stated separately; that if any causes of action exist they are upon independent, separate agreements, to wit, an agreement made in writing, and an oral or implied contract; that the complaint does not state when and where articles claimed for were delivered, whether all at one time or not, and it fails to set forth definitely and with sufficient certainty what articles were delivered under the memorandum of agreement, Exhibit A.; (2) that in what purports to be a statement of an account, annexed to Exhibit B., the charges for hours of work and materials used in the articles made are so mingled together that the cost or charges made for any particular article of machinery therein named cannot be ascertained with certainty so as to see if the charges for

the same are what it is reasonably worth as a finished piece of machinery ready for use. From an order denying the motion the defendants appeal.

For the appellants there was a brief by *Houghton & Thorn*, and oral argument by *G. T. Thorn*.

For the respondent there was a brief by *Hicks & Phillips*, and oral argument by *M. C. Phillips*.

COLE, C. J. There is no difficulty in understanding what claims are relied on as a cause of action for which a lien is sought. The plaintiff evidently seeks to recover or have a lien for the machinery furnished under the letter or written agreement of June 21, 1887, the price of which was agreed upon at $450. He also seeks to recover and have a lien for other materials furnished and services rendered upon machinery placed in the mill, for the amount which these materials and services were reasonably worth. These materials and services are set forth in the bill of particulars which is attached to and made a part of the complaint. It is true, this bill of particulars contains the aggregate charge for the machinery furnished upon the written contract; but this could not have misled any one, as the item itself refers to a contract, thus giving an explanation of the charge. In respect to the other materials furnished and services rendered the bill of particulars contains all necessary information as to the nature of the article and time of service which was essential to enable the defendants to make their defense. The different claims might have been kept more distinct in the complaint, and not mingled together as they are to some extent; but still there is no difficulty whatever in ascertaining with certainty the precise nature of the claims which the plaintiff is to recover upon and have a lien for. Of course, the special agreement will control as to the price of all machinery furnished under it; and as to the other materials and services the

plaintiff can recover only what he shows they are reasonably worth. But the complaint states, with reasonable certainty, the facts relating to each claim or cause of action. It is not possible for the defendants to be embarrassed in making their defense.

The motion to make the complaint more definite and certain was properly denied.

*By the Court.*— The order of the circuit court is affirmed.